**Bernard ABATI, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4025.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Shelley Goad, Linda S. Wendtland, Washington, DC, for Respondents.

Before: SILER, DAUGHTREY, and SUTTON, Circuit Judges.

*ORDER*

Bernard Abati petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which summarily affirmed an immigration judge's finding that he was subject to removal despite his applications for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Abati is a native and citizen of Albania, who entered the United States as a nonimmigrant visitor in 1999. The Immigration and Naturalization Service initiated remov-

al proceedings against him, ultimately alleging that he had remained in this country beyond the time that was allowed by his visa. Abati alleged that he had been persecuted in Albania because he was an active member of the Democratic Party. An immigration judge ("IJ") found that he had not established sufficient grounds for relief, even though his testimony was generally credible.

Judicial review is focused on the IJ's decision, because the BIA affirmed that decision without opinion. *See Denko v. INS,* 351 F.3d 717, 723 (6th Cir.2003). Abati argues that the BIA violated his right to due process by affirming the IJ's decision without a reasoned analysis. However, our court has joined several other circuits in upholding the BIA's streamlined appeals process against both administrative law and due process challenges. *Id.* at 730–32 & n. 10. Therefore, it is now clear that Abati's due process claim is unavailing.

■ The IJ found that Abati was removable because he had remained in this country beyond the time that was allowed by his visa. He also found that Abati was not entitled to relief under the Convention Against Torture. Abati's current brief does not contain any clear challenge to the IJ's ruling on these issues. Thus, he has abandoned these claims for purposes of judicial review. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

To obtain asylum, Abati must show that he is a refugee and that his application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). A refugee is defined as an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."

8 U.S.C. § 1101(a)(42). A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001). Moreover, the IJ's determination as to whether an asylum application merits a favorable exercise of administrative discretion is conclusive, unless it is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

■ The IJ found that Abati did not have a persuasive claim for relief, even though his testimony was credible. Abati now argues that the IJ disregarded or distorted substantial evidence that supported his application. He notes that the IJ did not specifically find that he had suffered past persecution, even though his asylum application indicated that he had been interned in a labor camp from an early age and that his first wife and child had died there. However, Abati testified that he had traveled to the United States on at least two occasions after he was released from the camp in 1990, and he specifically stated that he had not wanted to apply for asylum on either of those occasions. This testimony provides substantial support for the IJ's finding that Abati's allegations of persecution prior to 1990 were not determinative of his current asylum claim.

Abati also alleged that he had been persecuted in Albania after his release from the internment camp, because he was an active member of an opposition political party. He primarily alleged that he had been arrested and detained on several occasions following his participation in political demonstrations and that unknown assailants had made an attempt on his life in 1998.

However, Abati could not identify the individuals who tried to kill him, and he has not shown that their alleged actions were politically motivated. Second, the authorities allowed Abati to leave Albania not only in 1994 and 1996, but also in 1999, after the alleged detentions and attempt on his life. Third, Abati safely relocated to a different area of Albania for several months after the alleged assault, and he testified that his current wife and daughters still live there. *See* 8 C.F.R. § 208.13(b)(1)(i)(B). Finally, State Department reports indicate that conditions have improved in Albania since Abati fled the country, even though there are still problems with the government's human rights record in several areas. *See* 8 C.F.R. § 208.13(b)(1)(i)(A). Thus, the government successfully rebutted any presumption that Abati had a well-founded fear of future persecution. Abati's arguments to the contrary do not compel a different result.

The evidence in this case does not compel a finding that Abati is a refugee because it does not show that he has a well-founded fear of future persecution. *See Koliada*, 259 F.3d at 487–88. Consequently, Abati has not established eligibility for asylum, and he is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See id.* at 489.

Accordingly, the petition for judicial review is denied.